IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRANK OBLAK, | CASE NO. 1:16 CV 1832 |
| Plaintiff, | |
| v. | JUDGE DONALD C. NUGENT |
| | MEMORANDUM OPINION |
| INTEGRA LIFESCIENCES CORP., et al., | AND ORDER |
| Defendants. | |

This matter is before the Court on the Motions to Dismiss Plaintiff's Second Amended Complaint filed by Defendants, Integra Lifesciences Corporation; Stryker Corporation; and, Osteomed Corporation. (Docket #s 35, 36 and 38.)

I. **Factual Allegations.**

Plaintiff, Frank Oblak, filed his Second Amended Complaint on November 21, 2016, asserting claims against Defendants under Ohio law for design defect; manufacturing defect; and, breach of implied warranty. As alleged in the Second Amended Complaint, Mr. Oblak underwent left ankle reconstructive surgery at the Louis Stokes Veterans Administration Medical Center in Cleveland, Ohio on July 21, 2014. (Complaint at Paragraph 14.) Mr. Oblak alleges that hardware used in the reconstruction "failed due to medical fatigue fracture," resulting in severe pain and infection. (Complaint at Paragraphs 16-21.) On November 14, 2014, Mr. Oblak underwent corrective surgery – performed by Cleveland Clinic orthopedic surgeon Dr. Mark Berkowitz – to remove and replace ankle support hardware; treat the infection he had contracted;

and, remove bone marrow to which the infection had spread. (Complaint at Paragraphs 21-24.) Mr. Oblak states that the need for corrective surgery resulted from the failure of one or more of the medical devices supplied by Defendant corporations; that the necessary removal of bone matter during the corrective surgery resulted in permanent disfigurement; and, that he has "experienced extensive pain and suffering as a direct and proximate cause of the defective components used in his initial ankle surgery." (Complaint at Paragraphs 25-27.)

Defendants Integra and Stryker filed their Motions to Dismiss on February 2, 2017 and Defendant Osteomed filed its Motion to Dismiss on February 14, 2017.[1] Defendants argue that the allegations set forth in the Second Amended Complaint are impermissibly asserted generally against all Defendants, without any factual support, and fail to satisfy the "plausibility" standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Defendants argue that it is insufficient to simply list the products or components allegedly used in his initial surgery without specifying the specific defect or the identity of the Defendant that manufactured, sold or distributed the allegedly defective component. Defendants assert that the notation in Mr. Oblak's medical records indicating a "metal fatigue fracture" is insufficient to sustain Mr. Oblak's claims. Furthermore, Defendants argue that Mr. Oblak has failed to allege a viable claim for breach of implied warranty and that he is not entitled to punitive damages under Ohio law or the facts of this case.

Mr. Oblak filed his Brief in Opposition on March 14, 2017. (Docket #43.) Mr. Oblak explains that this case was filed one month after he contacted Counsel in an effort to preserve his claims against Defendants who, at the time, Mr. Oblak alleges were unknown to him. Mr. Oblak states that after filing this lawsuit and securing records from the Veterans Administration, he

---

[1] Defendant Cook Medical was voluntarily dismissed by Plaintiff on February 24, 2017. No appearance has been entered on behalf of Defendant LESBiologics Corp.

learned the identities of Defendant manufacturers and promptly amended his Complaint. Mr. Oblak has also filed administrative medical malpractice proceedings with the United States Department of Medical Affairs against the Louis Stokes Veterans Administration Medical Center and Howard M. Kimmel, D.P.M. (both of whom were originally named Defendants in this case but later voluntarily dismissed by Mr. Oblak in light of the pending administrative proceedings) and expects that "non-liable" manufacturer defendants will likely be identified as a result of those administrative proceedings. Mr. Oblak argues that given the complex nature of the case, "the relative novelty for retained counsel, the time frame, and the efforts made," Counsel's investigation and progress is objectively reasonable.

Defendant Stryker filed a Reply Brief on March 27, 2017 (Docket #44) and Defendant Integra filed a Reply Brief on March 28, 2017, in large part reiterating their arguments as to why the case should be dismissed. (Docket #45).

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the

entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be decided.

## III. Discussion

The Court has reviewed the allegations in Mr. Oblak's Second Amended Complaint and the Briefs submitted by the Parties, in conjunction with applicable law. For the following reasons, Defendants' Motions are granted in part and denied in part.

### A. Manufacturing and Design Defect Claims.

Manufacturing and design defect claims require allegations that the defendant manufactured the product; that the product was used by the plaintiff; that the product failed while being used by the plaintiff; and, that the portion of the product that failed could be identified and is so identified in the complaint. *Thompson v. DePuy Orthopaedics, Inc.*, Case No. 1:13 CV 602,

2014 U.S. Dist. LEXIS 85849, *9-11 and 19-20 (S.D. Ohio June 24, 2014) (citing *Marcum v. Depuy Orthopedics, Inc.*, Case No. 1:12 CV 834, 2013 U.S. Dist. LEXIS 62875, at *13-15 (S.D. Ohio May 2, 2013); *Clark v. Wright Med. Tech., Inc.*, No. 3:11 CV 162, 2011 U.S. Dist. LEXIS 74248, *5 (S.D. Ohio Jul 11, 2011); *Friedman v. Intervet Inc.*, No. 3:09 CV 2945, 2010 U.S. Dist. LEXIS 71718 (N.D. Ohio July 16, 2010); *Foust v. Stryker Corp.*, Case No. 2:10 CV 5, 2010 U.S. Dist. LEXIS 69771, *10-12 (S.D. Ohio June 22, 2010); *Redinger v. Stryker Corp.*, Case No. 10 CV 104, 2010 U.S. Dist. LEXIS 49465 (N.D. Ohio May 19, 2010)).

Accepting all of the factual allegations set forth in Second Amended Complaint as true, Mr. Oblak's claims for manufacturing and design defect are sufficient to withstand dismissal. Mr. Oblak alleges that medical hardware, manufactured and/or designed by one or more of the remaining named Defendants, failed after it was implanted during his reconstructive ankle surgery, causing him injury. Mr. Oblak's medical records indicate a "metal fatigue fracture," which was identified by x-ray prior to his corrective surgery. While Mr. Oblak alleges generally that one or more of the pieces of medical hardware (each of which is expressly identified in the Second Amended Complaint) manufactured and/or designed by Defendants failed, discovery will serve to clarify the exact nature and cause of the hardware failure, as well as which of the four remaining Defendants in this case manufactured and/or designed the specific piece or pieces of hardware that are alleged to have failed. Under the facts and circumstances presented to the Court, it is hard to imagine a scenario under which Mr. Oblak could independently identify which Defendant manufactured and/or designed of the specific component(s) alleged to have failed, or alleged to have caused the failure, without discovery. Accordingly, Defendants' Motions to Dismiss are denied as to Counts 1 and 2 of the Second Amended Complaint.

B. **Breach of Implied Warranty Claim.**

Under Ohio law, privity of contract is generally a prerequisite to a claim for breach of the implied warranty of merchantability. *Curl v. Volkswagen of Am., Inc.*, 114 Ohio St. 3d 266, 2007 Ohio 3609, 871 N.E.2d 1141, 1147-48 (2007) ("In Ohio, damages are recoverable for breach of implied warranties only if there is privity of contract between the parties."); *Flex Homes, Inc. v. Ritz-Craft Corp. of Mich.*, Case No. 1:07 CV 1005, 2008 U.S. Dist. LEXIS 21339, *25 (N.D. Ohio Mar. 18, 2008) ("Under Ohio law, a consumer cannot sue a remote manufacturer for breach of an implied warranty of merchantability (O.R.C. § 1302.27)"); *Cancino v. Yamaha Motor Corp., U.S.A.*, Case No. 3:04 CV 274, 2010 U.S. Dist. LEXIS 76645, *29 (S.D. Ohio June 24, 2010) ("In order to prevail on a claim for breach of implied warranty of merchantability or of contract, a plaintiff must establish that he is in privity of contract with the defendant."). Mr. Oblak is not in privity with the Defendants in this case. Accordingly, Count 3 of the Complaint for Breach of Implied Warranty must be dismissed.

IV. **Conclusion**

The Motions to Dismiss filed by Defendants, Integra Lifesciences Corporation; Stryker Corporation; and, Osteomed Corporation (Docket #s 35, 36 and 38) are hereby DENIED as to Count 1 (Products Libaility – Design Defect) and Count 2 (Products Liability – Manufacturing Defect) of Mr. Oblak's Second Amended Complaint. The Motions to Dismiss are hereby GRANTED as to Count 3 (Breach of Implied Warranty).

The Parties' arguments regarding damages are premature prior to discovery and may be revisited by the Parties if appropriate.

At the January 19, 2017 Status Conference, Counsel for Mr. Oblak and Counsel for

Defendants Integra and Stryker indicated that discovery was ongoing. (Counsel for Defendant OsteoMed did not appear and Defendant LESBiologics has yet to make an appearance in this case.) The discovery deadline in this case is September 1, 2017.

A Status Conference is set for June 5, 2017 at 10:00 a.m. A briefing schedule for dispositive motions will be set at that time. All Parties shall be prepared to discuss the status of discovery and Counsel for Mr. Oblak shall be prepared to update the Court as to whether the administrative medical malpractice proceedings filed by Mr. Oblak with the United States Department of Medical Affairs against the Louis Stokes Veterans Administration Medical Center and Howard M. Kimmel, D.P.M. have resulted in the identification of "non-liable" Defendants, as he anticipated.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: May 4, 2017